Max S. Morgan (to seek admission *pro hac vice*)
The Weitz Firm, LLC
1515 Market Street, #1100
Philadelphia, PA 19102
Tel: (267) 587-6240
Fax: (215) 689-0875
max.morgan@theweitzfirm.com

*Counsel for Plaintiff and the proposed class*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Sam Straker, *on behalf of himself and others similarly situated,*<br><br>   *Plaintiff*,<br><br>v.<br><br>V.T. Motors, LLC d/b/a Van Chevrolet,<br><br>   *Defendant*. | Case No.: _____<br><br>CLASS ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

**Nature of this Action**

1.  This action arises out of the marketing practices of Defendant, V.T. Motors, LLC d/b/a Van Chevrolet ("Van" or "Defendant") that violate the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA").

2.  Van makes, or has made on its behalf, aggressive telemarketing calls soliciting vehicle sales and related services.

3.  These calls are made to individuals on the National Do-Not-Call Registry.

4.  Van continues to make these calls even after the called party requests that Van cease calling.

5. The TCPA prohibits making telemarketing calls to individuals who have registered their telephone numbers on the National Do-Not-Call Registry.

6. The TCPA also prohibits making telemarketing calls to a person who, like Mr. Straker, has previously asked not to receive such calls and makes sellers like Van liable for calls in violation of the TCPA's internal do-not-call rules.

7. Accordingly, Mr. Straker brings this action on behalf of himself and classes of similarly situated individuals.

**Jurisdiction and Venue**

8. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

9. This Court has jurisdiction over Van because Van has offices located in this District, Van conducts business transactions in this District and Van made calls into and/or from this District as part of the business it conducts in this District.

10. Venue is proper in this District because some of the wrongful conduct giving rise to this case occurred in and/or was directed to this District.

**PARTIES**

11. Plaintiff Sam Straker ("Mr. Straker") is, and at all times mentioned herein was, a citizen and resident of Scottsdale, Arizona.

12. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

13. Van is, and at all times mentioned herein was, a Delaware corporation having a principal office address of 1209 Orange Street, Wilmington, DE 19801.

14. Van operates a Chevrolet automobile dealership located at 8585 E. Frank Lloyd Wright Blvd., Scottsdale, Arizona 85260.

15. Van may be served via its registered agent CT Corporation System located at 3800 N. Central Avenue, Suite 460, Phoenix, Arizona, 85012.

16. Van is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

## TCPA BACKGROUND

17. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy[,]" and found that federal legislation was needed because "telemarketers [could] evade [state-law] prohibitions through interstate operations.'" *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012) (citations omitted).

18. Relevant here, the TCPA establishes a national "do not call" database of numbers not to be called. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014 ("DNC Order").

19. These regulations are codified at 47 C.F.R. §§ 64.1200(e)(1-2).

20. Specifically, a company may not initiate any "telephone solicitation" to a telephone subscriber "who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." 47 C.F.R. § 64.1200(c)(2).

21. A violation of 47 C.F.R. § 64.1200(c) carries statutory damages of $500 to

$1,500 per call through § 227(c) of the TCPA.

22. The TCPA also specifically required the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

23. The FCC was instructed to "compare and evaluate alternative methods and procedures (including the use of … company-specific do not call systems …)" and "develop proposed regulations to implement the methods and procedures that the Commission determines are most effective and efficient to accomplish purposes of this section." *Id.*

24. Pursuant to this statutory mandate, the FCC established company-specific "do not call" rules. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 7 FCC Rcd. 8752 (Oct. 16, 1992) ("TCPA Implementation Order").

25. The FCC found that "the company-specific do-not-call list alternative is the most effective and efficient means to permit telephone subscribers to avoid unwanted telephone solicitations." *Id.* at 8765, ¶ 23.

26. However, recognizing that an honor system would probably be insufficient, the FCC found that it "must mandate procedures for establishing company-specific do-not-call lists to ensure effective compliance with and enforcement of the requirements for protecting consumer privacy." *Id.* at ¶ 24.

27. These regulations are codified at 47 C.F.R. § 64.1200(d)(1)-(7).

28. Specifically, these regulations require a company to keep a written policy,

available upon demand, for maintaining a do-not-call list, train personnel engaged in telemarketing on the existence and use of its internal do-not-call list, and record and honor "do not call" requests for no less than five years from the time the request is made. 47 C.F.R. § 64.1200(d) (1, 2, 3, 6).

29. These policies and procedures prohibit a company from making calls for telemarketing purposes[1] unless they have implemented these policies and procedures. 47 C.F.R. § 64.1200(d).

30. Accordingly, all telemarketing calls violate the TCPA, unless Van can demonstrate that it has implemented the required policies and procedures.

31. There is a private right of action to enforce 47 C.F.R. § 64.1200(d) through § 227(c):

> Section 227(c)(5)… empowers 'any person' to sue for damages and injunctive relief for do-not-call violations 'by or on behalf of' a company. In accordance with this statutory provision, the Commission's company-specific do-not-call rules provide that '[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for

---

[1] The distinction between the use of "telephone solicitation" in relation to the national do-not-call database and calls for "telemarketing purposes" in relation to the company-specific do-not-call list is significant. "Telephone solicitation" excludes calls made to a person with whom the company has as established business relationship, 47 CFR 64.1200(f)(14), which can be established by a "voluntary two-way communication". 47 CFR 64.1200(f)(5). But this business relationship can be terminated by a "do not call" request. 47 CFR 64.1200(f)(5)(i). "Telemarketing purposes", on the other hand, includes any calls made for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, regardless of any consent or established business relationship. 47 CFR 64.1200(f)(12). In other words, prior to making any telemarketing calls to anyone, regardless of relationship, a company must implement the company-specific do-not-call regulations, but it only need to comply with the national do-not-call registry provisions with respect to persons with whom it does not have an existing established business relationship.

> maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity[.]' 47 C.F.R. § 64.1200(d).

*In re Dish Network*, 28 FCC. Rcd. 6574, ¶ 29 (2013)

32. These requirements are separate but cumulative. In other words, a company must comply with both the procedures for the company specific do-not-call list *and* the procedures for complying with the national "do not call" database regulations. A failure to comply with either is distinct a violation of 47 U.S.C. § 227(c).

33. Further, a person or entity can be liable for calls made on its behalf in violation of the TCPA, even if that person or entity did not directly dial such calls. *See, e.g., In re Rules & Regs. Implementing the TCPA*, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995) (explaining that the FCC's "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any [TCPA] violations"). In fact, in May 2013, the FCC issued a binding declaratory ruling clarifying that sellers "may be held vicariously liable under federal common law principles of agency for TCPA violations committed by third-party telemarketers . . . under a broad range of agency principles, including not only formal agency, but also principles of apparent authority and ratification." *In re Joint Petition Filed by DISH Network, LLC et al. for Declaratory Ruling Concerning the TCPA Rules*, 28 FCC Rcd. 6574, 6584 ¶28 (2013).

34. Accordingly, an entity can be liable under the TCPA for a prohibited call made on its behalf under a number of theories including vicarious liability. Under those circumstances, the seller is properly deemed to have initiated the call through the person or entity that actually placed the call.

# FACTUAL ALLEGATIONS

35. Mr. Straker is the user of a cellular telephone number (XXX)-XXX-8027.

36. Mr. Straker's cellular telephone number (XXX)-XXX-8027 is used for residential purposes.

37. Mr. Straker's cellular telephone number (XXX)-XXX-8027 has been on the National Do-Not-Call Registry since March 31, 2017.

38. On or about June 7, 2023, Mr. Straker began receiving telephone calls from Van or a third-party calling on Van's behalf soliciting him to purchase a vehicle and/or to have his vehicle serviced.

39. These calls came from 602-767-5270.

40. On June 9, 2023, Mr. Straker received a call from Van at approximately 12:50pm. During the call, a representative of Van attempted to solicit Mr. Straker regarding the purchase of a vehicle and/or vehicle related services.

41. Mr. Straker advised that caller that he was not interested and not to call him anymore.

42. Despite his instructions, Van called Mr. Straker on at least the following dates and times:

- August 3, 2023 at 5:39pm;
- January 1, 2024 at 5:50pm;
- February 26, 2024 at 11:15am;
- March 14, 2024 at 1:29pm;
- March 21, 2024 at 6:31pm;

- March 22, 2024 at 10:24am;
- May 30, 2024 at 12:16pm;
- July 19, 2024 at 1:19pm;
- August 9, 2024 at 1:16pm;
- September 15, 2024 at 11:40am; and
- November 17, 2024 at 11:14am.

43. Van's internal records will evidence the dates and times of all of the calls Van placed to Mr. Straker.

44. Mr. Straker repeatedly told Van that he was not interested and to stop calling him, however the calls continued.

45. Mr. Straker did not provide prior express invitation or permission or consent for these telephone calls.

46. To the contrary, in response to the unwanted calls, Mr. Straker requested that they stop.

47. To the extent Van had any consent to call Mr. Straker, Mr. Straker repeatedly revoked that consent by requesting no further calls on at least June 9, 2023, March 14, 2024, March 21, 2024, March 22, 2024, July 19, 2024 and August 9, 2024.

48. Upon information and belief, Van did not have written do-not-call policies or procedures at the time of the calls it made to Mr. Straker and the classes defined below.

49. Alternatively, and upon information and belief, whatever written policies existed either failed to comply with the minimum requirements under the TCPA, 47 C.F.R.

§ 64.1200(d), or were never properly implemented—including as evidenced by the continued telephone calls to Mr. Straker after he directly asked not to be contacted.

50. Upon information and belief, Van did not honor do-not-call requests at the time of the calls it made to Mr. Straker and the classes defined below.

51. Van's violations were negligent.

52. Alternatively, Van's violations were willful and knowing.

53. Mr. Straker and the classes were damaged by the violations alleged herein. Their privacy was improperly invaded, Van's calls temporarily seized and trespassed upon the use of their phones, and/or they were forced to divert attention away from other activities to address the unwanted telephone calls. Van's telephone calls were annoying and a nuisance, and wasted the time of Mr. Straker and the class members. *See, e.g., Mims*, 565 U.S. at 372.

## **DEFENDANT'S LIABILITY**

54. Upon information and belief, Van made outbound telephonic sales calls to hundreds if not thousands of consumers across the U.S., including to consumers whose phone numbers are listed on the National Do-Not Call Registry.

55. Van made two or more telephone solicitations to Mr. Straker, whose number was on the National Do-Not-Call Registry at the time of the telephone calls. This constitutes a violation of 47 U.S.C. § 227(c) through 47 C.F.R. § 64.1200(c).

56. Accordingly, for violations of 47 C.F.R. § 64.1200(c), Mr. Straker is entitled to $500 per call through 47 U.S.C. § 227(c).

57. Mr. Straker is entitled to $1,500 per call if Van's actions are found to be

knowing or willful.

58. Van placed two or more telemarketing calls to Mr. Straker, despite not having in place the required policies and procedures prior to making such calls. In addition, Van placed tow or more telemarketing calls to Mr. Straker and failed to honor his do-not-call requests. This constitutes a violation of 47 U.S.C. § 227(c) through 47 C.F.R. § 64.6200(d).

59. Accordingly, for violations of 47 C.F.R. § 64.1200(d), Mr. Straker is entitled to $500 per call through 47 U.S.C. § 227(c).

60. Mr. Straker is entitled to $1,500 per call if Van's actions are found to be knowing or willful.

## CLASS ACTION ALLEGATIONS

61. Plaintiff brings this action under Fed. R. Civ. P. 23 on behalf of two proposed "Classes," as defined as follows:

> Plaintiff and all persons within the United States to whose telephone number Defendant placed (or had placed on its behalf) two or more telemarketing calls in a 12-month period when the telephone number to which the telephone calls were made was on the National Do-Not-Call Registry for more than 30 days at the time of the calls from four (4) years prior to the filing of the Complaint to the date of class certification.
>
> ("Registry Class")
>
> Plaintiff and all persons within the United States whose telephone number Defendant placed (or had placed on its behalf) two or more telemarketing calls in a 12-month period, including at least one after the person requested that the calls or messages stop from four (4) years prior to the filing of the Complaint to the date of class certification.
>
> ("Policy Class").

(The Registry Class and the Policy Class are together referred to herein as the "Classes.")

62. Excluded from the Classes are Van and any entities in which Van has a controlling interest; Van' agents and employees; any Judge and Magistrate Judge to whom this action is assigned and any member of their staffs and immediate families, and any claims for personal injury, wrongful death, and/or emotional distress.

63. The Members of the Classes for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

64. The exact number and identities of the persons who fit within the Classes are ascertainable in that Van and third parties maintain written and electronically stored data showing:

    a. The time period(s) during which Van or its agent made the telephone calls;

    b. The telephone numbers to which Van or its agent made telephone calls;

    c. The telephone numbers for which Van had prior express written consent;

    d. The purposes of such telephone calls; and

    e. The names and addresses of Class members.

65. The Classes are comprised of hundreds, if not thousands, of individuals.

66. There are common questions of law and fact affecting the rights of the Members of the Classes, including, *inter alia*, the following:

    a. Whether Van (or someone acting on its behalf) makes telemarketing calls;

    b. Whether Van (or someone acting on its behalf) obtains prior express written consent;

    c. Whether Van or the entities with which they contract make solicitation calls and to telephone numbers registered on the National Do-Not-Call Registry;

    d. Whether Van had the required policies and procedures prior to making telemarketing calls;

    e. Whether Van honors do-not-call requests;

    f. Whether Van' statutory violations were willful and knowing; and

    g. Whether Van should be enjoined from engaging in such conduct in the future.

67. Plaintiff is a member of the Classes in that Van placed two or more calls for telemarketing purposes, in a one-year period to his telephone number, without his prior express written consent, after he asked Van to stop, and while his telephone number was on the National Do-Not-Call Registry.

68. Plaintiff's claims are typical of the claims of the Members of the Classes in that they arise from Van's uniform conduct and are based on the same legal theories as these claims.

69. Plaintiff and all putative Members of the Classes have also necessarily suffered concrete harm in addition to statutory damages, as all Members of the Classes spent time tending to Van's unwanted calls and suffered a nuisance and an invasion of their privacy.

70. Plaintiff has no interests antagonistic to, or in conflict with, the Classes.

71. Plaintiff will thoroughly and adequately protect the interests of the Classes, having retained qualified and competent legal counsel to represent him and the Classes.

72. Van has acted and refused to act on grounds generally applicable to the Classes, thereby making injunctive and declaratory relief appropriate for the Classes.

73. The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications.

74. A class action is superior to other available methods for the fair and efficient adjudication of the controversy since, *inter alia*, the damages suffered by each class member make individual actions uneconomical.

75. Common questions will predominate, and there will be no unusual manageability issues.

**FIRST CAUSE OF ACTION**
**Violations of the TCPA, 47 U.S.C. § 227(c)**
**(On Behalf of Plaintiff and the Registry Class)**

76. Mr. Straker and the proposed Classes incorporate the foregoing allegations as if fully set forth herein.

77. Van made, or had made on its behalf, telephone solicitations to Mr. Straker's and putative Registry Class Members' telephone numbers.

78. Mr. Straker's and putative Registry Class Members' telephone numbers were all on the National Do-Not-Call Registry at the time of the calls.

79. Mr. Straker and putative Registry Class Members each received two or more such calls in a 12-month period.

80. Mr. Straker and putative Registry Class Members are entitled to an award of $500 in statutory damages for each telephone solicitation call pursuant to 47 U.S.C. § 227(c)(5).

81. Mr. Straker and putative Registry Class Members are entitled to an award of treble damages in an amount up to $1,500 for each telephone solicitation call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(c)(5).

**SECOND CAUSE OF ACTION**
**Violations of the TCPA, 47 U.S.C. § 227(c)**
**(On behalf of Plaintiff and the Policy Class)**

82. Mr. Straker and the proposed Classes incorporate the foregoing allegations as if fully set forth herein.

83. Van made numerous telephone calls for telemarketing purposes to Mr. Straker's and putative Policy Class Members' telephone numbers.

84. Van did so despite not having a written policy pertaining to "do not call" requests.

85. Van did so despite not training their personnel on the existence or use of any internal "do not call" list or policy.

86. Van did so despite not recording or honoring "do not call" requests.

87. Van made two or more telemarketing calls to Mr. Straker's and putative Policy Class Members' telephone numbers in a 12-month period.

88. Mr. Straker and putative Policy Class Members are entitled to an award of $500 in statutory damages telephone call pursuant to 47 U.S.C. § 227(c)(5).

89. Mr. Straker and putative Policy Class Members are entitled to an award of treble damages in an amount up to $1,500 telephone call, pursuant to 47 U.S.C. § 227(c)(5).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A. An order certifying the Classes as defined above, appointing Mr. Straker as the representative of the Classes and appointing their counsel as Class Counsel;

B. An order declaring that Van's actions, as set out above, violate the statutes referenced herein;

C. An award of injunctive and other equitable relief as necessary to protect the interests of the Classes, including, *inter alia*, an order prohibiting Van from engaging in the wrongful and unlawful acts described herein;

D. An award of statutory damages;

E. An award of treble damages; and

F. Such other and further relief that the Court deems reasonable and just.

**Demand for Jury Trial**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

DATED this 2nd day of March, 2025.

*/s/ Max S. Morgan*_____
Max S. Morgan, Esquire*
THE WEITZ FIRM, LLC
1515 Market Street, #1100
Philadelphia, PA 19102
Tel: (267) 587-6240
Fax: (215) 689-0875
max.morgan@theweitzfirm.com

*Counsel for Plaintiff and the proposed class*

(*to seek admission *pro hac vice*)